UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MURALI KRISHNA SIRAM,<br><br>Plaintiff(s),<br>v.<br><br>JOSEPH B. EDLOW, et al.,<br><br>Defendant(s). | CASE NO. C25-2565-KKE<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |

## I. INTRODUCTION

Plaintiff Murali Krishna Siram is a citizen of India. Dkt. No. 1 ¶ 7. On April 1, 2025, Mr. Siram filed a Form I-526E Immigrant Petition by Regional Center Investor after investing $800,000 in a new commercial enterprise that will create at least 10 jobs for American workers. *Id.* ¶¶ 47–48. Mr. Siram and his wife also filed Form I-485 Applications to Register Permanent Residence or Adjust Status. *Id.* ¶ 53. Mr. Siram's I-526E petition was approved in January 2026, but the I-485 applications remain pending. Dkt. No. 10 ¶¶ 7, 13.

Representing himself, Mr. Siram filed this lawsuit in December 2025 against USCIS and its director (collectively "the Government"), contending that the Government's failure to promptly adjudicate the I-485 applications violates the Administrative Procedure Act ("APA"). Dkt. No. 1 ¶¶ 54–86. Mr. Siram seeks to compel the Government to adjudicate his and his wife's I-485

applications.[1] *Id.* at 25. The Government moved to dismiss, arguing that the Court lacks jurisdiction to compel adjudication of Form I-485 applications and, in the alternative, that Mr. Siram cannot state a claim of unreasonable delay. Dkt. No. 9.

Because the Government's jurisdictional arguments have been rejected by the majority of district courts in this Circuit, the Court will deny the Government's motion to dismiss based on lack of jurisdiction. The Court will, however, grant the motion to dismiss for failure to state a claim and dismiss the complaint without prejudice.

## II. BACKGROUND & ANALYSIS

Congress created the Immigrant Investor Program, also known as the Employment-Based Fifth Preference ("EB-5") program, as part of the Immigration and Nationality Act of 1990. Dkt. No. 1 ¶ 19. This program provides immigrant visas for foreign investors who invest a requisite amount of money in a new commercial enterprise that creates at least 10 jobs for American workers. *Id.* Congress has expressed an intent that EB-5 petitions should receive priority processing. *See id.* ¶¶ 32–36.

In this case, although Mr. Siram's I-526E petition has been approved, that his and his wife's I-485 applications continue to go unadjudicated inflicts multiple professional and personal hardships on them that can be resolved only by approval of the applications. Dkt. No. 1 ¶ 53. Thus, Mr. Siram contends that the Government's delay is unreasonable. *Id.* ¶ 86.

The Government's motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) contends that the Court lacks jurisdiction to consider Mr. Siram's claim due to the limited waiver of sovereign immunity under the APA. Dkt. No. 9 at 5–9. "An attack on subject matter jurisdiction

[1] The complaint was filed before Mr. Siram's I-526E petition was approved and thus seeks to compel adjudication of that petition as well, but Mr. Siram acknowledges that this portion of the complaint has been mooted. Dkt. No. 15 at 1.

may be facial or factual." *Edison v. United States*, 822 F.3d 510, 517 (9th Cir. 2016). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id.* (quoting *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004)). The Government's motion to dismiss presents a facial challenge, arguing that because 8 U.S.C. § 1255(a) commits the process for adjudicating I-485 petitions to the discretion of the Government,[2] and 8 U.S.C. § 1252(a)(2)(B)(ii) provides that "no court" has jurisdiction to review an action committed to the Government's discretion, then this Court lacks the jurisdiction to review Mr. Siram's challenge to the Government's failure to process the I-485 applications. Dkt. No. 7 at 5–9.

The Court disagrees. Although district courts in the Ninth Circuit are divided as to whether Section 1252(a)(2)(B)(ii) bars timing-of-adjudication claims, and the "Ninth Circuit has not directly addressed it" (Dkt. No. 9 at 8), many district courts in this circuit have found no jurisdictional bar to claims challenging the pace of adjudication of applications. *See, e.g.*, *Dinh v. Edlow*, No. 26-cv-02697-TSH, 2026 WL 2001155, at *5–6 (N.D. Cal. July 10, 2026); *Vooda v. Edlow*, No. 2:25-cv-02668-JNW, 2026 WL 1846661, at *2–3 (W.D. Wash. June 26, 2026); *Gogate v. Edlow*, No. 8:25-cv-02558-DOC-KES, 2026 WL 1658512, at *3–4 (C.D. Cal. June 5, 2026); *Concepion v. Mullin*, No.: 25-cv-03221-DMS-MMP, 2026 WL 1388761, at *8 n.7 (S.D. Cal. May 18, 2026); *Pimpalkhute v. Edlow*, No. 25-cv-2433-BJR, 2026 WL 1283512, at *2–4 (W.D. Wash. May 11, 2026). The Court adopts the reasoning of these courts that where, as here, USCIS has an obligation to adjudicate a pending application, Section 1252(a)(2)(B)(ii) does not bar judicial review of a claim alleging that USCIS has failed to act within a reasonable time. *See Patel v. Reno*,

[2] The language of Section 1255(a) refers to the discretion of the Attorney General, but this function has been transferred to the Secretary of Homeland Security. Dkt. No. 9 at 7 n.7 (citing 6 U.S.C. § 557).

134 F.3d 929, 932–33 (9th Cir. 1997) (finding jurisdiction to hear claim that the government had breached its duty to adjudicate visa applications by suspending applications for eight years).

The Government does not directly dispute the existence of its duty to adjudicate, but contends that it nonetheless retains discretion over the pace of adjudication. Dkt. No. 9 at 6–7. Although the wording of 8 U.S.C. § 1255(a) references the Government's discretion to grant an application— and Mr. Siram does not seek judicial review of such a discretionary decision because none has been made—it does not reference discretion as to pace. Because the Court concludes that Mr. Siram's claim does not challenge a discretionary, non-reviewable agency decision, the Court rejects the Government's argument on jurisdiction. *See, e.g.*, *Motwani v. Edlow*, No. 4:25-cv-11035, 2026 WL 1788791, at *3 (N.D. Cal. June 22, 2026) ("[T]he Court finds no compelling reason to depart from this district's majority viewpoint. Indeed, the Court finds that there is a material difference between reviewing a final order for immigration benefits—which is discretionary and not reviewable—and reviewing whether the Government is performing its mandatory duty to act on an I-485 application, rather than delaying such action indefinitely.").

Having rejected the Government's motion to dismiss for lack of jurisdiction, the Court now turns to consider the Government's motion to dismiss for failure to state a claim, under Federal Rule of Civil Procedure 12(b)(6). The Government argues that Mr. Siram has not pleaded sufficient facts to state a plausible claim of unreasonable delay because the I-485 applications have been pending for only 16 months at this point. Dkt. No. 9 at 9–11.

In evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court examines the complaint to determine whether, if the facts alleged are true, plaintiff has stated "a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible if plaintiff has pleaded "factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

To determine whether an agency's delay is unreasonable, courts in the Ninth Circuit apply a six-factor test known as the "*TRAC* test" because it was first articulated in *Telecommunications Research and Action Center v. Federal Communications Commission* ("*TRAC*"). *In re Pesticide Action Network N. Am.*, 798 F.3d 809, 813 (9th Cir. 2015) (citing 750 F.2d 70 (D.C. Cir. 1984)). In the visa context, the six *TRAC* factors are "grouped into four basic inquiries":

> First, is there any rhyme or reason—congressionally prescribed or otherwise—for [an agency]'s delay (factors one and two)? Second, what are the consequences of delay if the Court does not compel the [agency] to act (factors three and five)? [Third], how might forcing the agency to act thwart its ability to address other priorities (factor four)? Finally, is the delay intentional or due to any impropriety on the part of the agency (factor six)?

*Infracost Inc. v. Blinken*, 732 F. Supp. 3d 1240, 1254 (quoting *Sawahreh v. U.S. Dep't of State*, 630 F. Supp. 3d 155, 161 (D.D.C. 2022)).[3]

As to the first inquiry, the Court considers the length of delay in light of any established time limits and the reason for any delay. At this point, the length of delay is approximately 16 months, and this length of time is generally not found to be unreasonable. *See Infracost*, 732 F. Supp. 3d at 1254–55 (collecting cases that support finding a 14-month delay not unreasonable), *Khosravi v. Rubio*, No. 2:24-cv-1227, 2025 WL 821885, at *6 (W.D. Wash. Mar. 14, 2025) (collecting cases that support finding a 16-month delay is not unreasonable). As to the reason for delay, Mr. Siram notes that he "seeks only adjudication consistent with the governing statutory framework" applicable to the "separate statutory pool[] with independent visa availability" that he falls into as an EB-5 investor. Dkt. No. 15 at 4. But the complaint does not allege that Mr. Siram's

---

[3] Although Mr. Siram argues that the *TRAC* factors should not be applied at this stage (Dkt. No. 15 at 6–7), the Court disagrees. On a motion to dismiss, a court must determine whether the facts alleged in the complaint, taken as true, could plausibly support an unreasonable delay claim under the APA. *See Infracost*, 732 F. Supp. 3d at 1253–54. Accordingly, the Court will evaluate the *TRAC* factors as they apply in the visa context.

I-485 application should receive the priority afforded to EB-5 petitions, nor has he identified any reason why his I-485 application has been delayed. Together, the first set of factors weighs in the Government's favor and does not demonstrate an unreasonable delay.

The second inquiry, the impact of the delay on Mr. Siram and his family, also does not support a finding of unreasonable delay because their alleged hardships relate to financial, professional, and anxiety-related harm. Dkt. No. 1 ¶ 53. While the Court has no reason to doubt the toll this delay has taken on Mr. Siram and his family, these impacts are felt by many EB-5 investors and do not warrant a finding of unreasonable delay based on "human health and welfare." *Chang v. U.S. Dep't of State*, No. C23-01918-RSM, 2024 WL 3161895, at *3 (W.D. Wash. June 25, 2024) (finding no unreasonable delay on a motion to dismiss for an Amazon employee awaiting an L-1B visa). This inquiry thus favors the Government.

The Court has limited information relevant to the third inquiry: impact on agency priorities. The Government argues that requiring it to "adjudicate Plaintiff's Form I-485 would [] prioritize them at the expense of similarly situated applicants[.]" Dkt. No. 9 at 14. Although Mr. Siram questions whether he falls in a different priority category than the general I-485 pool as an EB-5 investor (Dkt. No. 15 at 6), Mr. Siram has not plausibly alleged that the Government is not following its rule of reason when processing the I-485 applications. *See* Dkt. No. 10 ¶¶ 12, 14 (describing USCIS's "first in, first out" methodology for adjudicating I-485 applications and stating that "[e]xpediting Plaintiff's I-485 would move Plaintiff to the front of the queue at the expense of others who filed prior"). In any event, "where an agency's progress on one individual's application would necessarily negatively impact another application, courts have held that plaintiffs' recourse is with Congress, not the courts." *Liu v. Denayer*, No. CV 21-6653 DMG (MRWx), 2022 WL 17370527, at *5 (C.D. Cal. July 18, 2022). Thus, this inquiry weighs in the Government's favor.

Finally, for the fourth inquiry, Mr. Siram does not allege any impropriety by the Government specific to him. Accordingly, this inquiry is neutral. *See TRAC*, 750 F.2d at 80.

In sum, because the *TRAC* factors either favor the Government or are neutral, the Court finds that the circumstances here do not indicate unreasonable delay such that judicial intervention is required. *See, e.g.*, *Padala v. Selby*, No. 8:26-CV-00129-DFM, 2026 WL 1506356, at *4–6 (C.D. Cal. May 12, 2026).

Accordingly, although the Court does not take lightly the impact of this delay on Mr. Siram and his family, for the reasons stated above, the Court nonetheless dismisses the complaint. The Court will not grant leave to amend, as there is no indication that additional facts would change the outcome. But the Court dismisses the complaint without prejudice "because additional delay could at some point ripen into an unreasonable delay[.]" *Aghchay v. U.S. Dep't of State*, No. CV 22-5708 PA (PVCX), 2022 WL 19569516, at *3 (C.D. Cal. Dec. 20, 2022). As recognized by other district courts in similar circumstances, "[t]hough judicial intervention is not warranted at this juncture, the Court's calculus could change if the delay continues for a more extended period." *Infracost*, 732 F. Supp. 3d at 1258.

## III. CONCLUSION

For these reasons, the Court GRANTS the Government's motion to dismiss for failure to state a claim. Dkt. No. 9. The complaint is DISMISSED without prejudice.

Dated this 4th day of August, 2026.

Kymberly K. Evanson
United States District Judge